UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DASHAWN TUBBS-CHANDLER, )
 )
 Plaintiff, )
 )
v. ) No.: 2:24-CV-4-KAC-CRW
 )
BUTCH GALLION, et al., )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner in the Hawkins County jail, filed a motion seeking to proceed *in forma pauperis* in this action under 42 U.S.C. §1983 [*See* Docs. 1, 5]. Because the motion was not properly supported, the Court entered an order on January 29, 2024 (1) granting Plaintiff's "Motion to Comply" by ordering the Hawkins County jail to comply with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915(a)(2), and (2) giving Plaintiff thirty (30) days within which to submit a certified copy of his inmate trust account for the previous six-month period or its institutional equivalent [Doc. 7]. More than thirty (30) days have passed, and Plaintiff has not complied with the Court's Order or otherwise communicated with the Court.

"It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court"); *Steward v. City of*

*Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, the factors compel the Court to dismiss Plaintiff's claims. First, Plaintiff's failure to timely comply with the Court's Order was due to his willfulness or fault. After the Court issued an order to assist and instruct Plaintiff, he has not followed the instructions and order of the Court. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants who have not been served yet. Third, the Court's Order expressly warned Plaintiff that a failure to timely submit a certified copy of his inmate trust account or its institutional equivalent would result in the dismissal of this action [Doc. 7 at 2]. There can be no argument that Plaintiff was unaware of the results of any failure to comply with the Court's Order. Finally, alternative sanctions, though considered by the Court, are not appropriate here. On balance, these factors support dismissal.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's order. And Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b). Accordingly, the Court **DISMISSES** Plaintiff's claims and this action under Rule 41(b).

2

Case 2:24-cv-00004-KAC-CRW   Document 8   Filed 03/25/24   Page 2 of 3   PageID #: 26

Further because Plaintiff's failure to submit the documentation required by 28 U.S.C. § 1915(a)(2) and this Court's Order prevent the Court from determining that he is entitled to proceed *in forma pauperis*, he is **ASSESSED**[1] the filing fee of $405.00.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).